The order below is hereby signed.

Signed: October 30 2013



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MICHAEL JAMES WARNER, | ) | Case No. 13-00482 |
| | ) | (Chapter 7) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER STRIKING DEBTOR'S FORM B23
AND GIVING OFFICE OF THE UNITED STATES TRUSTEE NOTICE OF
DIFFICULTIES ENCOUNTERED BY DEBTOR IN HIS EFFORTS TO COMPLETE
<u>A FINANCIAL MANAGEMENT COURSE WITHOUT PREPAYMENT OF A FEE</u>

The debtor has filed a Form B23 Certification of Completion of Postpetition Instructional Course Concerning Personal Financial Management (Dkt. No. 29). Rather than certifying completion of the course, the debtor has checked the box indicating that no personal financial management course is required because he resides in a district in which the United States Trustee has determined that the approved instructional courses are not adequate at this time to serve the additional individuals who would otherwise be required to complete such courses.

I

The debtor's petition indicates that he resides in the

District of Columbia, and according to the website maintained by the United States Department of Justice, there are several providers approved by the Office of the United States Trustee to provide the required course in this district.[1]  Accordingly, the court will strike the debtor's Form B23 as inaccurate on its face.

                                II

The debtor has also filed a letter (Dkt. No. 30), in which he states as follows:

> As you are aware, I was granted an order granting application for waiver of the Chapter 7 filing fee.  I had a successful meeting with the creditors (341) meeting September 12.
>
> I am now having difficult finding a certified company to waive a post petition instructional course fee for my personal management course.  I explained to the company's that I have contacted that I earn below the poverty line, currently living in a homeless shelter and thus is unable to afford the cost of a post management course.
>
> As for the record, I have no assets personal or real property.
>
> As for the record, I successfully completed the pre-filing management course.
>
> Therefore, in respect of the court I am filing debtor's claim certifying no personal management course is required because of incapacity and or has been determined by bankruptcy administrator.

The inability to pay does not constitute a disability within the meaning of 11 U.S.C. § 109(h)(4) and is thus not a basis for

---

[1] http://www.justice.gov/ust/eo/bapcpa/ccde/de_approved.htm

waiving the debtor's obligation under 11 U.S.C. § 727(a)(11) to complete an instructional course concerning personal financial management as a condition to obtaining a discharge.  Although a debtor's inability to pay is not grounds for waiving the requirement, to be approved by the Office of the United States Trustee as a provider of instructional courses concerning personal financial management, a non-profit budget and credit counseling agency is required to "provide services without regard to ability to pay the fee."  11 U.S.C. § 111(c)(2)(B). *See also In re Washington*, 2013 WL 1091733 (Bankr. D.D.C. March 14, 2013) ("the debtor's lack of funds should not be a bar to taking the personal financial management course").  As such, approved debtor education agencies ought not be refusing to provide instructional courses in personal financial management based upon a debtor's inability to pay.

   The debtor's letter indicates that he contacted a "company," and was unable to obtain a waiver of the fee despite having explained that he cannot afford it.  The debtor's description of his communications is too vague for the court to evaluate in any meaningful way, and it remains unclear whether this is simply a misunderstanding on the debtor's part, or if an approved agency actually declined to provide services in a way that runs afoul of 11 U.S.C. § 111.  To the extent the debtor's letter suggests the possibility that an approved agency did something improper, the

Office of the United States Trustee is the appropriate authority to investigate such conduct.  The Office of the United States Trustee may make whatever inquiries of the debtor it deems appropriate to help resolve any misunderstanding the debtor may have regarding whether the agency was actually refusing, without the fee being prepaid, to provide an instructional course concerning personal financial management, and if there was no misunderstanding, and if the United States Trustee deems it appropriate, it may investigate whether a violation was committed by an agency subject to the requirements of 11 U.S.C. § 111.

                                III

In accordance with the foregoing, it is

ORDERED that the debtor's Form B23 is STRICKEN without prejudice.  It is further

ORDERED that the debtor's request for a waiver of the requirement to complete an instructional course concerning personal financial management based upon disability is DENIED. It is further

ORDERED that the Office of the United States Trustee is hereby notified that the debtor has filed a letter indicating that he encountered difficulty completing a course in personal financial management due to his inability to pay the fee. It is further

ORDERED that the deadline for the debtor to complete the

postpetition instructional course concerning personal financial management and file Form B23 is extended to December 2, 2013, and in the meantime, if the debtor continues to find himself unable to obtain counseling without the prepayment of the fee, he is encouraged to contact the Office of the United States Trustee for further guidance.

[Signed and dated above.]

Copies to: Debtor; Recipients of e-notification of filing.